the plaintiff took nothing by his conveyance, and the defendant Almira F. Hatch became vested with good title to the premises by the conveyance to her. The judgment should be affirmed, with costs.

### NOTE BY THE EDITOR.

The opinion in the case of Totten v. Sprague is as follows: "DYKMAN, J. This is an action to foreclose a mortgage, and a defense interposed is that the mortgagor had not title nor power to make it. The plaintiff has judgment, and it would be sufficient, to confirm the judgment, to write down the rule of law that in an equitable action for the foreclosure of a mortgage a court of equity cannot try and determine the legal title to the premises, (Corning v. Smith, 6 N. Y. 82;) yet the question has been looked into and determined in this action, and it will be entirely consonant with legal principles to affirm the judgment. Abraham Sprague left a last will and testament containing this: 'Next, paying all my just debts and funeral charges, I will and bequeath unto my beloved wife, Rachael Ann, all the balance of my estate, both real and personal, or so much thereof as she may dispose of for her support during her natural life, with full power to sell and dispose of any or all of my personal and real estate, and invest the proceeds in such manner as she may think best; and after her decease I will and bequeath unto my four children, viz., Letitia A. Falkenberg, Frank W., Ezra M., and Abraham L., the balance or remainder of my estate, if any, to be divided between them, share and share alike, to them and their heirs.' This is a gift of land, with absolute power of disposition for the use of the devisee, without qualification. These words invest a fee without aid from the statutory provision that every grant or devise of real estate shall pass all the interest of the grantor or testator unless an intent to pass a less estate shall appear. 1 Rev. St. p. 748, § 1. Every power of disposition shall be deemed absolute by means of which the grantee is enabled in his life-time to dispose of the entire fee for his own benefit. Id. p. 733, § 85. When an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon in case the power shall not be executed, or the lands should not be sold for the satisfaction of debts. Id. p. 732, § 81. The case falls easily within these statutes, whether the mortgagee be considered as creditor or purchaser. The devisee exercised the power of disposition in her life-time, and the persons defending this action are concluded. Judgment should be affirmed, with costs. All concur."

---

### SMITH v. SMITH et al.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

WILLS—CONSTRUCTION—WHEN INTEREST VESTS.

A will directed the income of a fund to be applied to the support of the testator's widow for life, and at her death to be divided into equal parts, and invested for his children for their lives, and on the death of each child his share was to be paid to his children or grandchildren, if any such survived him. By a codicil a daughter-in-law of the testator was substituted for her husband on the same terms and conditions, and subject to the same limitations and remainders, provided in respect to the son. *Held* that, on the death of the daughter-in-law, her share of the fund vested absolutely in her issue.

Appeal from special term, Westchester county.

Action by John B. Smith against Jacob B. Smith and others. Georgiana G. Ackerson, one of the defendants, filed a petition to have her right to a trust fund created by the will of Martin Smith determined by the court, and from a judgment at special term, granting the prayer of the petition, Ann Eliza Van Tassel, another of the defendants, appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry C. Griffin,* for appellant. *Edward Wells, Jr.,* for respondent. *Edward Wells, pro se.*

DYKMAN, J. This was an application by petition to the court to procure the determination of the right to certain funds now in the hands of the trustee appointed by the court to manage and control the residuary estate arising under the last will and testament of Martin Smith, deceased, and to execute the trusts connected with and impressed upon such residuary estate. The petitioner, Georgiana G. Ackerson, is a granddaughter of Sarah Smith, a

daughter-in-law of the testator, and claims the property in question under and by virtue of the tenth clause of the will of Martin Smith, which directed his executors to sell the residue of his estate, and apply the income to the support of his widow during her natural life, and at her death to divide the residuary fund into five equal shares, and invest the same, and pay over the interest of one of such shares to each of his five children, of whom Jacob B. Smith, the grandfather of the petitioner, was one, during their natural lives. Upon the death of each child, the principal of his or her share was to be paid to his or her child or children, or to the child or children of such child or children, if any such survived the parent. By a codicil to his will the testator substituted Sarah Smith, the wife of Jacob B. Smith, as legatee under the said tenth clause of his will, to the place of her husband, on the same terms and conditions, and subject to the same limitations and remainders, expressed and provided in respect to his son. The only child of Sarah Smith was Anna Ackerson, the mother of the petitioner, and she died before her mother, leaving the petitioner as her only child and heir. She has now attained the age of 21 years, and claims the fifth part of the residuary fund set apart for her grandmother, Sarah Smith, or so much thereof .as remains in the hands of the present trustee.· The court at special term granted the prayer of the petition, and there is an appeal from that order. We discover in the codicil the plain intention of the testator to give to Sarah Smith the share of his estate which he had given to her husband, Jacob B. Smith, by the tenth clause of his will. That being so, when Sarah Smith died the petitioner was her only living issue, and fell directly within the terms of the tenth clause of the will. At the death of Sarah Smith, the second beneficiary for life, the trust terminated, and the fund became vested absolutely in the petitioner. The order appealed from should be affirmed, with $10 costs and disbursements, to be paid by the appellant.